UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: ) | |
| ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE ) | |
| FEDERAL EXCISE TAX REFUND ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION ) | |
| ) | Member Case: 07-cv-051 |
| This Document Relates To: ) | |
| *Cohen v. United States* ) | |

**UNITED STATES' ANSWER TO COHEN'S SECOND AMENDED COMPLAINT**

Defendant, the United States of America, answers Plaintiff Neiland Cohen's Second Amended Complaint for Injunctive, Declaratory, and Monetary Relief, and Request for Class Certification (Doc. No. 83, *Cohen v. United States*) as follows:

1. The United States denies that the Court has jurisdiction over this action.

2. The United States admits the allegations in paragraph 2.

3. The United States admits that this is an action challenging the imposition of federal excise taxes on certain long-distance telephone services that the United States collected through July 31, 2006. The United States admits that Plaintiff seeks the following relief on behalf of himself and a putative class of allegedly similarly-situated individuals: (a) a refund of excise taxes paid between July 1, 2002, and July 31, 2006; (b) injunctive and declaratory relief; and (c) a "class remedy." The United States denies all other allegations in paragraph 3.

4. The United States admits that Plaintiff is an adult citizen of the United States and the State of Wisconsin who resides at 2472 North Prospect Avenue, Milwaukee, Wisconsin 53202. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      The United States admits the allegations in paragraph 5.

6.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      The United States admits that the IRS required telecommunications carriers to collect the federal communications excise tax (26 U.S.C. § 4251) on long-distance telephone service charged solely based on call duration until May 25, 2006. The United States denies all other allegations in paragraph 7.

8.      The United States admits that in May 2006, the United States ceased litigating the issue of whether the federal communications excise tax applies to long-distance telephone service charged solely based on call duration, as described in IRS Notice 2006-50. The United States also admits that it advised the transferor court that, in accordance with the determination in Notice 2006-50, the United States would not litigate that issue in this case. *See* Doc. No. 22 (*Cohen v. United States*, Case No. 05-C-1237 (E.D. Wis.)).[1] The United States denies all other allegations in paragraph 8.

9.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     The United States admits that Plaintiff filed a timely claim for refund of telephone excise taxes with the IRS. The United States also admits that the IRS did not process the claim, and did not refund the taxes, in accordance with IRS Notice 2005-79. The United States denies all other allegations in paragraph 10.

---

[1] All document numbers refer to the files of the transferor court, unless otherwise indicated.

11. The United States admits that federal district and appellate courts have held that the federal communications excise tax did not apply to certain long-distance telephone services, as described in IRS Notice 2006-50. The United States also admits that it did not petition the United States Supreme Court to review those decisions. The United States also admits that until May 25, 2006, the IRS required telecommunications carriers to collect the excise tax on long-distance telephone services and remit it to the Service. The United States denies all other allegations in paragraph 11.

12. The United States admits that the IRS issued Notice 2005-79 on October 20, 2005. The United States admits that the statements of the IRS made through Notice 2005-79 are contained in the notice. The United States denies all other allegations in paragraph 12.

13. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. The United States admits that one of several arguments it advanced in the telephone-excise-tax cases was that, based on the text, structure, and legislative history of the federal communications excise tax statute, the word "and" in 26 U.S.C. § 4252(b)(1) was more properly construed disjunctively rather than conjunctively with respect to the elements of call distance and elapsed transmission time. The United States denies all other allegations in paragraph 14.

15. The United States denies the allegations in paragraph 15.

16. The United States admits that on May 25, 2006, the IRS issued Notice 2006-50, which was filed with the transferor court as an attachment to the United States' Status Report and Notice of Change of Position. *See* Doc. No. 22. The United States also admits that Notice

2006-50 revoked and supplanted Notice 2005-79. The United States admits that the statements of the IRS made through Notice 2006-50 are contained in the notice. The United States denies all other allegations in paragraph 16.

     17-18. The United States admits the allegations in paragraphs 17 and 18.

     19. The United States admits the allegations in paragraph 19, with the exception of clarifying that the basis for the motion to dismiss Plaintiff's refund claim is not only that IRS letters to Plaintiff did not constitute a denial of his claim, but also that no denial in any form ever occurred.

     20. The United States admits that on October 27, 2006, it filed a status report to apprise the transferor court of the current status of the IRS telephone-excise-tax refund program, including developments that had occurred since the promulgation of Notice 2006-50. *See* Doc. No. 67. The United States denies all other allegations in paragraph 20.

     21. The United States admits that the status report filed on October 27, 2006, was intended to apprise the transferor court of the current status of the IRS telephone-excise-tax refund program, including developments that had occurred since the promulgation of Notice 2006-50. The United States also admits that the new facts disclosed in the report and the accompanying declaration could be relevant to the issue of class certification. The United States denies all other allegations in paragraph 21.

     22-25. Paragraphs 22 through 25 are the subject of the United States' pending request for dismissal of Plaintiff's refund claim for lack of subject matter jurisdiction. *See* Doc. No. 45. In accordance with the parties' stipulation, that request currently stands as the United States' pleading in response to these paragraphs. *See* Doc. Nos. 74, 82. In the event that the Court

denies the request, the United States will answer these paragraphs pursuant to Fed. R. Civ. P. 12(a)(4)(A).

26-29.   Paragraphs 26 through 29 are the subject of the United States' motion to dismiss the second claim for relief in the second amended complaint.  In the event that the Court denies the motion, the United States will answer these paragraphs pursuant to Fed. R. Civ. P. 12(a)(4)(A).

30-31.   The United States admits the allegations in paragraphs 30 and 31.

32.   The United States admits that in May 2006, the United States ceased litigating the issue of whether the federal communications excise tax applies to long-distance telephone service charged solely based on call duration, as described in IRS Notice 2006-50.  The United States also admits that it advised the transferor court that, in accordance with the determination in Notice 2006-50, the United States would not litigate that issue in this case.  *See* Doc. No. 22. The United States denies all other allegations in paragraph 32.

33.   The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.   The United States admits the allegations in paragraph 34, with the exception that the United States denies that the class of individual long-distance phone users over whose claims the Court could exercise subject matter jurisdiction is so numerous that joinder of all members is impracticable.

35.   The United States admits that there are questions of law and matters of fact common to the class, but denies that the Court has jurisdiction to decide those matters.

36.     The United States admits that the same tax rate (3%) applies to all amounts paid for "communications services" pursuant to 26 U.S.C. § 4251.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38-39.  The United States denies the allegations in paragraphs 38 and 39.

WHEREFORE, the United States requests that the Court grant the motions to dismiss both claims for relief in the second amended complaint, which have been made separately from this answer, and grant the United States costs.  The United States further requests, if the Court does not grant both motions, that the Court enter a judgment denying all of Plaintiff's requested relief, granting the United States costs, and granting such other relief as is just and proper.

JEFFREY A. TAYLOR
United States Attorney


 /s/ Gregory E. Van Hoey
GREGORY E. VAN HOEY
Maryland Bar
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6391
Facsimile: (202) 514-6770
E-mail: gregory.van.hoey@usdoj.gov

**Certificate of Service**

I hereby certify that on February 15, 2007, I electronically filed the foregoing United States' Answer to Cohen's Second Amended Complaint with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Sidney A. Backstrom<br>Scruggs Law Firm, PA<br>120A Courthouse Square<br>P.O. Box 1136<br>Oxford, MS 38655 | Steven N. Berk<br>Cuneo Gilbert & LaDuca, LLP<br>507 C Street NE<br>Washington, DC 20002 |
| Michael A. Bowen<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202 | Nicholas E. Chimicles<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041 |
| Jonathan Watson Cuneo<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 | Robert J. Cynkar<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 |
| Ivan C. Dale<br>U.S. Department of Justice, Tax Division<br>P.O. Box 227<br>Washington, DC 20044 | Benjamin F. Johns<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041 |
| Charles J. LaDuca<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 | Robert G. Smith<br>Lewis Brisbois Bisgaard & Smith LLP<br>550 West C Street, Suite 800<br>San Diego, CA 92101 |

I further certify that on that same date I served the foregoing document on the following by United States mail, postage prepaid:

| | |
|---|---|
| Daniel Paul Collins<br>Daniel L. Geyser<br>Burton A. Gross<br>Joseph D. Lee<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 | Richard Henry Dolan<br>Schlam Stone & Dolan LLP<br>26 Broadway<br>New York, NY 10004 |
| John P. Frantz<br>One Verizon Way<br>VC54N067<br>Basking Ridge, NJ 07920 | Michael D. Leffel<br>Foley & Lardner LLP<br>150 East Gilman Street<br>Madison, WI 53703 |
| Alejandro Mayorkas<br>Sandra Sepulveda<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles CA 90071 | Christopher R. Neufeld<br>Kelechi O. Onyeobia<br>Law Offices of Kelechi O. Onyeobia, P.C.<br>1218 Walton Avenue, Suite 108<br>Bronx, NY 10452 |
| Kevin T. Peters<br>Christopher Weld, Jr.<br>Tony & Weld LLP<br>28 State Street<br>Boston, MA 02109 | Richard F. Scruggs<br>Scruggs Law Firm, PA<br>120A Courthouse Square<br>P.O. Box 1136<br>Oxford, MS 38655 |
| P. Scott Wolleson<br>The Boles Law Firm<br>P.O. Box 2065<br>Monroe, LA 71207 | |

    /s/ Gregory E. Van Hoey
GREGORY E. VAN HOEY
Maryland Bar
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6391
Facsimile: (202) 514-6770
E-mail: gregory.van.hoey@usdoj.gov