**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE ) <br> SERVICE FEDERAL EXCISE TAX ) <br> REFUND LITIGATION ) <br> ) <br> ) <br> ) | Master File: 07-mc-0014 (RMU) <br><br> MDL Docket No: 1798 <br><br> **ALL CASES** |

**JOINT STATUS REPORT**

On March 15, 2007, the parties conferred pursuant to this Court's January 29, 2007 Practice and Procedure Order and Fed. R. Civ. P. 26(f). Participating in the conference were Jonathan Cuneo, Nicholas Chimicles, Bill Anderson, Steven Rosen, Henry Levine, Michael Bowen, and Sidney Backstrom, attorneys for the plaintiffs, and Ivan Dale, Gregory Van Hoey, and Richard Stack, attorneys for the United States. As a result of that conference, the parties submit this joint status report.

1.    <u>Nature of the cases.</u>  These cases followed several decisions of the United States Courts of Appeals, in 2005 and 2006, holding that long-distance communications billed using a rate that varies with the duration, but not the distance, of each call are not "toll telephone service" within the meaning of 26 U.S.C. § 4252(b), and hence are not subject to the 3% federal excise tax on amounts paid for such service. Because many long-distance carriers now offer communications service that is billed according to a flat, nationwide rate or other method that, under the logic of these decisions, render the services non-taxable, the 3% federal excise tax collected by the long-distance carriers on amounts paid for such services, then paid over to the

United States, has been called into doubt. Plaintiffs brought these actions, seeking recovery of amounts alleged to have been paid for non-taxable communications services, as well as certain injunctive and declaratory relief. The Sloan, Cohen, and Gurrola[1] cases, insofar as they have been transferred for consolidated or coordinated pretrial purposes in this Court, involve claims against the United States. A fourth action, Belloni v. Verizon Communications, Inc., et al., Case No. 06-cv-11459(DAB)(JCF) (S.D.N.Y.), conditionally transferred to this Court by the Judicial Panel on Multidistrict Litigation, involves only claims against telecommunications carriers.[2]

---

[1] References to Sloan herein refer to the case of Sloan, et al. v. United States, No. 1:06-cv-00483-RMU (D.D.C.). References to Cohen refer to Cohen v. United States, No. 2:05-cv-01237-RTR (E.D. Wis.). References to Gurrola refer to Gurrola, et al. v. United States, et al., No. 2:06-cv-03425-SVW-E (C.D. Cal.). Except as otherwise provided, references to pleadings in these cases shall refer to the docket numbers as assigned by the transferring courts. References to the "Master File" shall refer to this Court's master file in In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation, No. 1:07-mc-0014 (RMU), and references to pleadings therein shall refer to the docket numbers as assigned by this Court.

2 On January 30, 2007, Plaintiffs in the Sloan case filed an Objection to the Conditional Transfer Order (CTO-1) that conditionally included the Belloni case in MDL-1798 proceedings (Docket Entry No. 11 in In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation). The Judicial Panel on Multidistrict Litigation has not yet ruled on the Sloan Plaintiffs' Objection to CTO-1.

Counsel for the plaintiffs in Belloni took no part in the parties' Rule 26(f) conference and are not signatories to this joint report.

After the complaints in Sloan, Cohen, and Gurrola were filed, the Internal Revenue Service (the "Service") issued Notice 2006-50, which announced that the Service would follow the decisions of the federal courts of appeals, instructed telecommunications carriers to cease collecting the excise tax from purchasers of services covered by the notice, and stated that taxpayers could request credit or refund of excise taxes paid between February 28, 2003 and August 1, 2006. Plaintiffs contend that this period unlawfully limits the amounts to which Plaintiffs and class members are entitled to recover. The plaintiffs in Sloan and Cohen amended their complaints to include a claim under the Administrative Procedures Act, 5 U.S.C. § 702, et. seq. ("APA") relating to the Service's issuance of the notice. The notice has been subsequently amended and superseded in part, and taxpayers nationwide have begun to receive credits for excise taxes paid on certain telecommunications services since February 2003 in connection with their 2006 returns.

2.      Identities of the parties.   The plaintiffs in these cases are 13 individuals and two corporations who allege that federal excise taxes were erroneously and illegally collected from them in connection with their purchase of long-distance, cellular, or other telephone service. The sole plaintiff in Cohen is Neiland Cohen. The plaintiffs in Gurrola are Oscar Gurrola, Rosalva Gurrola, and Bernadette Carol Duffy. The plaintiffs in Sloan are Virginia Sloan, Gary Sable, Robert McGranahan, Shari Perlowitz, Catering by Design, Inc., Joan Denenberg, Carolyn

Hrusovsky, Reginald Krasney, Stacy Markowitz, Marion Sachuk, James Gillins, and NCS Companies, Inc.  The defendant in each of these cases is the United States.  Although the complaint in <u>Gurrola</u> initially named several telecommunications carriers as defendants, claims against the telecommunications carriers were not transferred to this Court for pre-trial proceedings by the Judicial Panel on Multidistrict Litigation, and, in any event, those claims were voluntarily dismissed in February 2007.

In addition, the plaintiffs in <u>Sloan</u>, <u>Gurrola</u>, and <u>Cohen</u> are proceeding on behalf of themselves and those similarly situated.  Motions for class certification have been filed and are fully briefed in <u>Sloan</u> and <u>Cohen</u>.  No motion for class certification has been filed or is pending in <u>Gurrola</u>.  By stipulation of counsel and order of this Court, no ruling on the class certification motion in <u>Sloan</u> shall occur until motions directed at the sufficiency of the complaint under Fed. R. Civ. P. 12 are decided.  (<u>Sloan</u> Docket No. 35).  No such restriction was ordered in <u>Cohen</u>, though the parties agree that jurisdictional issues should be decided before class certification issues.

3. <u>Jurisdictional Issues</u>.  The United States submits that the Court lacks subject-matter jurisdiction over any of the claims in <u>Sloan</u>, <u>Cohen</u>, and <u>Gurrola</u>, contending that the claims fail to comply with the terms and conditions of any waiver of sovereign immunity, that the relief sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201, and that the complaints fail to state claims under either the Constitution or any federal statute, including the APA.  The plaintiffs dispute the United States'

contentions regarding subject-matter jurisdiction, and this dispute is the subject of pending motions to dismiss in each of the cases, which have been fully briefed.

    4.    <u>Responsive Pleadings and Rule 12 Motions</u>.  As discussed above, motions to dismiss under Fed. R. Civ. P. 12 have already been filed.  In particular, the United States moved to dismiss the second amended complaint in <u>Sloan</u> on July 20, 2006 (<u>See</u> <u>Sloan</u> Docket No. 29).  The plaintiffs in <u>Sloan</u> responded on August 3, 2006 (<u>Sloan</u> Docket No. 33), and the United States filed its reply on August 15, 2006 (<u>Sloan</u> Docket No. 38).

    In <u>Gurrola</u>, the United States moved to dismiss plaintiffs' first amended complaint on August 7, 2006.  (<u>Gurrola</u> Docket No. 45.)  The plaintiffs in <u>Gurrola</u> responded to the motion to dismiss on September 5, 2006 (<u>Gurrola</u> Docket No. 71), and the United States filed its reply on November 20, 2006 (<u>Gurrola</u> Docket No. 93).

    In <u>Cohen</u>, the plaintiff filed a first amended complaint for the recovery of federal excise taxes collected and to enjoin the Service from further collection of the tax.  The request for injunctive relief was rendered moot by Notice 2006-50, and was dismissed on July 26, 2006.  (<u>Cohen</u> Docket No. 48.)  The United States moved to dismiss plaintiff's refund claim on July 24, 2006.  (<u>Cohen</u> Docket No. 45.)  Plaintiff responded on August 21, 2006 (<u>Cohen</u> Docket No. 58), and the United States filed its reply on September 1, 2006 (<u>Cohen</u> Docket No. 61).  Plaintiff, with leave of court, filed a second amended complaint on December 14, 2006, which added a claim under the APA to plaintiff's refund claim.  By stipulation of counsel and order of court, the motion to dismiss plaintiff's refund claim stands as a response to plaintiff's second amended

complaint, and shall be treated as a pending motion to dismiss count one of that complaint. (<u>Cohen</u> Docket Nos. 74, 82). The United States moved to dismiss the remaining count of plaintiff's second amended complaint, under the APA, on February 15, 2007. (Master File Docket No. 14.) Plaintiff responded on February 28, 2007 (Master File Docket No. 16), and the United States filed its reply on March 12, 2007 (Master File Docket No. 19).

All parties agree that resolutions to the pending motions to dismiss should take precedence. <u>See</u> 1-I Manual for Complex Litigation (4th) § 11.32 ("Challenges to the court's personal or subject-matter jurisdiction should take priority.").

5.  <u>Consolidated Amended Complaint.</u>  In light of the extensive prior briefing in all the actions, and in light of the fact that such briefing is complete, the United States submits that a consolidated amended complaint (and corresponding consolidated dismissal and certification motions) would be unnecessary and only serve to delay resolution of the case. Plaintiffs concur, but have suggested that a compendium of excerpts from the operative complaints, motions to dismiss and related briefs would aid the Court in resolving these dispositive motions by reducing the volume of material (much of it duplicative) to be reviewed by the Court. Towards that end, Plaintiffs have prepared a chart entitled "Suggested Reading Materials to Assist the Court in Resolving the Outstanding Claims and Issues in the Motions to Dismiss filed in <u>Cohen</u>, <u>Sloan</u>, and <u>Gurrola</u>" (the "Roadmap Chart"), which sets forth plaintiffs' proposed roadmap for resolving the issues raised in the Motions to Dismiss and other materials in each of the three cases. Plaintiffs propose to submit the Roadmap Chart, and a compilation of the briefs and pleadings

cited therein under separate cover. The United States has reviewed the chart, disagrees with its contents, and submits that it would not assist the Court in the resolution of these motions. Thus, the United States declines at this time to join with the plaintiffs in the submission of this chart.

6. <u>Narrowing of Factual or Legal Issues</u>. Many factual and legal issues are already ripe for resolution via rulings on the pending dismissal and certification motions. Others might possibly be narrowed by agreement after, and in light of, those rulings.

7. <u>Prospects for settlement</u>. The parties do not believe there is a realistic possibility of settlement before the Court rules on the pending motions for dismissal and class certification. The likelihood of future settlement will depend in part on the substance of those rulings.

8. <u>Alternative Dispute Resolution</u>. The cases would likely not benefit from ADR before the motion rulings, and the parties will assess the potential benefits of ADR after, and in light of the substance, of those rulings.

9. <u>Initial Disclosures</u>. The parties have exchanged initial disclosures in <u>Cohen</u>. The parties in <u>Sloan</u> and <u>Gurrola</u> submit that mandatory disclosures may be dispensed with in their cases, except that the Plaintiffs' Executive Committee in MDL-1798 has informally requested certain information from the United States that the Internal Revenue Service may have been collecting in connection with its implementation of Notice 2006-50, and the United States is presently following up on that request.

10. <u>Discovery</u>. The United States contends that, because the dismissal and certification motions are fully briefed on the present record, discovery should be stayed pending

resolution of those motions. See, e.g., 1-I Manual for Complex Litigation (4th) § 11.213 ("A schedule for an early ruling on class certification typically should be set at the initial conference. Class certification or its denial will have a substantial impact on further proceedings, including the scope of discovery . . . and the opportunities for settlement. Denial of class certification may effectively end the litigation."). Plaintiffs contend that discovery should proceed immediately and should not be limited to class certification issues. Towards that end, Plaintiffs intend to file by April 15, 2007 a motion to lift the stay of discovery contained in paragraph 16 of the Practice and Procedure Order (Docket Entry No. 8). Because the United States submits that the nature and scope of anticipated discovery will vary greatly depending on the Court's resolution of the dismissal and certification motions, the United States intends to oppose such a motion and, instead, requests that this Court defer setting a timetable for discovery until after those motions are decided, and after the parties have conferred again on a proposed, revised scheduling order.

Finally, the United States requests that it be allowed to file a reply brief in support of its motion for a protective order in Cohen within ten days of the Court's entering a case management order in response to this report. (See Cohen Docket Nos. 84-85; Master File Docket Nos. 3-5).

11. <u>Attorney Liaison Designees</u>.  The parties' attorney liaison designees are:

| For Plaintiffs: | For the United States: |
|---|---|
| Jonathan W. Cuneo | Ivan C. Dale |
| William Anderson | Trial Attorney, Tax Division |
| Cuneo Gilbert & LaDuca, LLP | U.S. Department of Justice |
| 507 C Street NE | Post Office Box 227 |
| Washington, DC 20001 | Washington, DC 20044 |
| (202) 789-3960 | (202) 307-6615 |
| JonC@cuneolaw.com | Ivan.C.Dale@usdoj.gov |

Submitted by:

_____/s/_____
Nicholas E. Chimicles
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
Nick@chimicles.com
*On Behalf of the Sloan Plaintiffs*

_____/s/_____
Michael Bowen
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
*On Behalf of the Cohen Plaintiffs*

_____/s/_____
R. Gaylord Smith
LEWIS BRISBOIS BISGAARD & SMITH
550 West C. Street, 8th Floor
San Diego, CA 92101
*On Behalf of the Gurrola Plaintiffs*

_____/s/_____
Gregory Van Hoey
Trial Attorney, Tax Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7238
Washington, DC 20044-7238
(202) 307-6391
*On Behalf of the United States*