IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION ) ) ) ) ) ) ) | Master File: 07-ms-0014 (RMU)<br><br>MDL Docket No: 1798<br><br>**ALL CASES** |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO LIFT THE STAY OF DISCOVERY**

**INTRODUCTION**

These cases, consolidated for pretrial purposes, followed several decisions of the United States Courts of Appeals, in 2005 and 2006, calling into question the 3% federal excise tax on amounts paid for long-distance telephone service billed using a flat, nationwide rate or other formula that varies with the duration, but not the distance, of each call. In 2006, the Internal Revenue Service announced that it would follow the decisions of the courts of appeals, and included in its 2006 tax forms a streamlined procedure by which individual taxpayers could recover the excise tax paid on such services. Notice 2006-50, 2006-25 I.R.B. 1141 (May 26, 2006), amplified, clarified and modified, Notice 2007-11, 2006 WL 3803129 (December 28, 2006). Nonetheless, and without having satisfied the jurisdictional prerequisites to a tax refund suit, plaintiffs in these cases have sued for, *inter alia*, recovery of federal excise taxes collected from not only themselves, but on behalf of a putative, nationwide class of purchasers of long-distance service.

2419128.2

Plaintiffs proffer a wide array of legal theories in an effort to state a claim and and establish this Court's subject-matter jurisdiction. The United States contends they have failed in that effort, that their complaints fail to comply with the terms and conditions of any waiver of sovereign immunity, and has filed motions to dismiss in all of the consolidated cases. These motions are fully briefed and ripe for disposition.

Upon the transfer of these actions by the Judicial Panel on Multidistrict Litigation, this Court ordered that all discovery in these actions be stayed until the entry of a discovery scheduling order. Plaintiffs have moved to lift the stay prior to the entry of a discovery scheduling order.[1] The United States opposes this motion, and submits that good cause exists for extending the stay of discovery until such time as the pending motions to dismiss are decided.

## ARGUMENT

### BECAUSE GOOD CAUSE EXISTS FOR THE STAY OF DISCOVERY, PLAINTIFFS' MOTION TO LIFT THE STAY SHOULD BE DENIED, AND THE STAY SHOULD REMAIN IN EFFECT UNTIL THE PENDING MOTIONS TO DISMISS ARE DECIDED

The decision whether to stay discovery is committed to the sound discretion of the district court, and is reviewed at the appellate level only for abuse of discretion. White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990); see Fed. R. Civ. P. 26(c) ("for good cause shown . . . the court . . . may make any order which justice

---

[1] In their motion, plaintiffs do not identify what discovery they seek or explain why the discovery cannot wait, but only give vague assurances that theirs will be limited, and they will not pursue "open-ended fishing expeditions." (Br. Supp. Pls' Mot. Lift Stay of Discovery (Master File Docket No. 22), at 3-4.)

requires"). In particular, the district court has broad discretion to exercise its inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted). In exercising this broad discretion, this Court has noted that "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the complaint is pending." Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting Anderson v. United States Attorneys Office, No. CIV.A.91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). Indeed, "a stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citations omitted).

The soundness of such a stay of discovery pending resolution of dispositive motions is particularly evident in this case. First, the United States' motions to dismiss attack the very subject-matter jurisdiction of this Court to hear the cases (and also resolve related discovery disputes) in the first instance. As a result, before discovery commences, "[c]hallenges to the court's personal or subject-matter jurisdiction should take priority." 1-I Manual for Complex Litigation (4th) § 11.32. Moreover, because the dispositive motions deal with issues of law that have been fully briefed – the Court could thus decide the motions at any point – plaintiffs cannot complain that they need

discovery to defend the motions.  Cf. United States Catholic Conf. v. Abortion Rights Mobilization, 487 U.S. 72, 79-80 (1988)("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters.")

    Second, because these cases are suits against the sovereign, and because the thrust of the United States' arguments is that plaintiffs have not complied with the terms and conditions of any waiver of sovereign immunity, full, factual discovery is inappropriate at this juncture.  Sovereign immunity entails not simply immunity from liability, but immunity from suit, **including immunity from the various discovery obligations** that go along with being sued.  The immunity itself is no less compromised if public officials are obligated to respond to discovery requests and prepare for trial, even if the lawsuit is subsequently dismissed on immunity grounds on the eve of trial.  See 6 Moore's Federal Practice and Procedure (3d) § 26.105[3][c](discussing substantive aspect of immunity in procedural discovery rulings).  As a result, in actions against the government and government officials where a substantial question of immunity is raised but not decided, discovery should ordinarily be confined to the immunity issue, or stayed in its entirety.  Id.; see also Chagnon v. Bell, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (stay of discovery not abuse of discretion because "close control of discovery is essential to the preservation of meaningful official immunity"); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)("Until this threshold immunity question is resolved, discovery

should not be allowed.") Plaintiffs offer no compelling basis for departing from this rule in these cases.

Third, contrary to plaintiffs' unfounded and erroneous speculation regarding the government's litigating strategy (Br. Supp. Pls' Mot. Lift Stay of Discovery (Master File Docket No. 22) at 4-5), the United States has already demonstrated that is likely to prevail on its dispositive motions. The United States has already prevailed on its motion to dismiss one complaint involving substantially similar claims and arguments. See Rosenberg v. United States, 72 Fed. Cl. 387 (Ct. Cl. 2006). Moreover, prior to the consolidation of Sloan, Cohen, and Gurrola[2] cases before this Court, the transferring court in Gurrola ruled, in connection with an application for a temporary restraining order, that the Gurrola plaintiffs themselves had not demonstrated a likelihood of success on the merits, owing to defects in subject-matter jurisdiction. (Gurrola Docket No. 30, at 8.) There is no reason to believe that the resolution of the pending motions will differ from the conclusions reached in Rosenberg or by the transferring court in Gurrola. In any event, a stay of discovery pending resolution of a dispositive motion is appropriate so long as "the motion 'appear[s] to have substantial grounds' or, stated

---

[2]References to Sloan refer to the case of Sloan, et al. v. United States, No. 1:06-cv-00483-RMU (D.D.C.). References to Cohen refer to Cohen v. United States, No. 2:05-cv-01237-RTR (E.D. Wis.). References to Gurrola refer to Gurrola, et al. v. United States, et al., No. 2:06-cv-03425-SVW-E (C.D. Cal.). References to pleadings in these cases shall refer to the docket numbers as assigned by the transferring courts. References to the "Master File" shall refer to this Court's master file in In re Long Distance Telephone Service Federal Excise Tax Refund Litigation, No. 07-ms-0014 (RMU), and references to pleadings therein shall refer to the docket numbers as assigned by this Court.

2419128.2

another way, 'do[es] not appear to be without foundation in law.'" Johnson v. N. Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)(citations omitted).  That this lesser standard is met in this case is beyond cavil.

Fourth, and finally, even in the event that one or more claims were to survive the motions to dismiss, staying discovery until these motions are decided (and thereafter, limiting discovery until the motions for class certification are decided),[3] will not only result in economy of effort for the parties and the Court, but will simplify pretrial proceedings and likely hasten, rather than delay, the progress of these proceedings.

While an ordinary suit for the recovery of federal communications excise taxes would simply require an examination into the contracts between the purchaser and the communications service provider, the billing records for such services, and proof of the amounts paid for such services, plaintiffs have chosen to proceed (perhaps owing to the jurisdictional deficiencies of their refund claims) under a dizzying array of legal theories (see, e.g., Master File Docket No. 21), each of which, if legally cognizable, would require differing standards of proof, and thus, differing discovery concerns.[4]

---

[3] See, e.g., 1-I Manual for Complex Litigation (4th) § 11.213 ("A schedule for an early ruling on class certification typically should be set at the initial conference. Class certification or its denial will have a substantial impact on further proceedings, including the scope of discovery . . . and the opportunities for settlement. Denial of class certification may effectively end the litigation.")

[4] By way of illustration, an examination into the Sloan and Cohen plaintiffs' purported claims under the Administrative Procedures Act, 5 U.S.C. § 702 et. seq. ("APA"), or the Cohen plaintiff's "common fund" claim for attorney's fees, is likely to raise (as it already has in Cohen) discovery disputes regarding the government's

(continued...)

Plaintiffs' approach to pleading is akin to "throwing darts in the hope that one claim sticks," Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672, 676 (7th Cir. 1997), and makes resolving even a relevancy objection an arduous task.  Thus, even if one or more of plaintiffs' claims were properly before this Court, deciding the motions to dismiss before proceeding with discovery will eliminate the improper or superfluous claims, clarify what is to be proven, and lighten both the burden on the parties in discovery and the burden on the Court in resolving attendant discovery disputes.  Such a schedule would be far more prompt and efficient than the alternative proposed by plaintiffs.

//

//

//

//

//

//

//

//

---

[4](...continued)
deliberative process, attorney-client, and work-product privileges.  (See Cohen Docket Nos. 84-86.)  Such disputes would be pointless if (as the United States contends) the plaintiffs have failed to state a claim under the APA, and the Court lacks jurisdiction over any cause of action in this case under the APA or the "common fund" doctrine.  (Sloan Docket Nos. 27, 29, 38; Master File Docket No. 14; Cohen Docket No. 32.)

2419128.2

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to lift the stay of discovery should be denied, and the Court should stay discovery until the pending dispositive motions in these cases have been decided.  A proposed order reflecting this result is submitted herewith.

Dated:        April 24, 2007

                                        Respectfully submitted,

                                        __/s/ Ivan C. Dale_____
                                        IVAN C. DALE
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC 20044
                                        Telephone: (202) 307-6615

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION ) ) ) ) ) ) | Master File: 07-ms-0014 (RMU)<br><br>MDL Docket No: 1798<br><br>**ALL CASES** |

### ORDER

Having considered the plaintiffs' motion to lift stay of discovery, together with the memorandum in support, and having further considered the United States' opposition thereto, the Court concludes that the motion ought to be denied, and that good cause has been shown for continuing the stay of discovery pending resolution of the United States' motions to dismiss these cases. Accordingly, it is

ORDERED that the motion to lift the stay of discovery is denied; and it is further

ORDERED that the stay contemplated by paragraph 16 of the Court's January 29, 2007, Practice and Procedure Order shall remain in effect until the Court's resolution of all of the United States' pending motions to dismiss.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007.

2419128.2