## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LONG-DISTANCE TELEPHONE | : | Master File:    07-mc-0014 (RMU) |
| SERVICE FEDERAL EXCISE TAX | : | |
| REFUND LITIGATION | : | Member Cases: |
| | : | 06-cv-483:    *Sloan et al. v. United States* |
| | : | 07-cv-050:    *Gurrola et al. v. United States* |
| | : | 07-cv-051:    *Cohen v. United States* |
| | : | 06-cv-11459:    *Belloni v. Verizon Commc'ns* |
| This Document Relates To: | : | |
| **ALL CASES** | : | MDL Docket No. **1798** |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
### THEIR MOTION TO LIFT THE STAY OF DISCOVERY

The Government does not deny that the case management structure put in place pursuant to the Practice and Procedures Order ("PPO") eliminates any risk of uncoordinated or duplicative discovery. The Government nevertheless opposes plaintiffs' motion to lift the PPO's stay of discovery on the ground that immunity claims should ordinarily be resolved before discovery proceeds because discovery is one of the burdens that immunity is intended to guard against. The problem with this argument is that the pending case is not ordinary, and the Government has ignored the factors that make it exceptional.

### ARGUMENT

I.    **THE GOVERNMENT IGNORES THE EXCEPTIONAL FACTORS THAT DIFFERENTIATE THE SITUATION HERE FROM THOSE TRIGGERING PRESUMPTIONS AGAINST DISCOVERY.**

The rationale for the PPO's stay of discovery was not the pendency of motions asserting jurisdictional defenses based on sovereign immunity, but the obvious potential complications arising from consolidation of three separate cases, each with its own set of

counsel. That is clear from the fact that the stay, by its terms, was to apply only until a scheduling conference had been held.

The Government does not – because it cannot – argue for continuing the stay on that basis. When it invokes its jurisdictional motions as an alternative basis for continuing the stay, however, the Government overlooks the critical differentiating factors identified in plaintiffs' principal brief.

Plaintiffs pointed out in that brief, for example, that discovery has already gone forward in at least one of the consolidated cases.[1] The Government itself, in fact, has taken advantage of that discovery to the extent that it invoked Mr. Cohen's Rule 26(a) disclosures in partial (if unconvincing) support of its jurisdictional motion in the *Cohen* case. As plaintiffs pointed out, it is therefore a bit late for the Government to decide that factual development should stay on hold indefinitely while serial motions addressed to the pleadings are resolved. The Government has no response.

Plaintiffs also pointed out that the consolidated cases have already been pending for well over a year, have been answered on the merits, and are the subject of pending summary judgment and class certification motions, with the latter (at least) fully briefed. This is not the typical case in which the Government responded to the complaint with a jurisdictional defense and a simultaneous motion to stay. Once again, the Government has no response.

Finally, and most importantly, plaintiffs noted that discovery here will be useful even in the unlikely event that all of the Government's dismissal motions are successful. The

---

[1] The actual experience with such discovery thus far suggests that the Government's professed fear of discovery raising thorny legal issues under the deliberative process and work product privileges is fanciful. In the deposition taken in the *Cohen* case of David Williams, the architect of the Government's partial refund scheme, all issues of privilege were successfully resolved between counsel, in the course of the deposition, without resort to court.

grievances for which plaintiffs seek remedies here are not isolated or individual, but affect scores of millions of Americans. They are, quite properly, the subject of close attention in the legislative and executive branches of the Government. *See, e.g.,* Government Accountability Office Report GAO-07-695, *Report to the Committee on Finance, U.S. Senate: Tax Administration – Telephone Excise Tax Refund Requests Are Fewer than Projected and Have Had Minimal Impact on IRS Services* (April, 2007). The information that the Government would have to gather to respond to plaintiffs' discovery requests is information that it ought to be gathering anyway and almost certainly will eventually be gathering in some form; and in any event is information that both Congress and the executive branch can put to beneficial public use even in the unlikely event that the Government prevails on all of its pending motions and no class is ever certified in any court.

The Government, yet once more, has no response, and its silence is devastating to its position. Sovereign immunity appropriately shields the Government in proper cases from the burden of assembling information for the benefit of individual parties pursuing essentially personal claims. What is at stake here, however, is assembling information about *admittedly* illegal conduct that, while it has an emphatic and specific concrete impact on the individual plaintiffs in the consolidated cases, also broadly affects a large percentage of the American public. It is almost certain that there is no *incremental* burden at all, because the work will in fact be done anyway in some form at some time; and it is quite certain that, even if there were an incremental burden, the Government would have no right to complain about it. The American people and their elected representatives have a right to know how badly they have been damaged by the Government's lawless exactions, and how inadequately the proposed remedy for that damage will be, so that they can intelligently decide what to do about it.

## II. THE GOVERNMENT CANNOT SQUARE ITS PROFESSED BELIEF THAT ALL OF ITS DISMISSAL MOTIONS WILL BE SUCCESSFUL WITH ITS OPPOSITION TO CONSOLIDATION.

The Government assures the Court that it is indeed confident of success on all of its dismissal motions, but passes up the opportunity to explain why, if this is so, it opposed consolidation. The Government cites to the Court of Claims opinion in the *Rosenberg* case and to *dicta* in an order denying a temporary restraining order in the *Gurrola* case to argue that it is likely to prevail on the jurisdiction/immunity defenses that it asserts here in the *Cohen, Sloan,* and *Gurrola* cases. Significantly, however, the Government does not – and could not – claim that it has procured a favorable judgment in either an Article I or an Article III court that would support any immunity or jurisdictional defense asserted against, *inter alia,* the refund claims based on individual and class-wide refund demands submitted prior to commencement of suit; the constitutional and statutory arguments in support of extending the limitations period; or the substantive and procedural Administrative Procedure Act claims asserted in the *Cohen* and *Sloan* cases. The Government has not demonstrated even a plausible prospect of getting all claims in suit dismissed on the pleadings.

The Government then says that an immunity argument need not be certain of success in order to trigger a presumption against discovery. That is of course true, but it misses plaintiffs' point – *i.e.*, that the Government's opposition to consolidation bespeaks a tacit recognition on the part of the Government itself that its motions are extremely unlikely to make all of the claims in all of the cases go away. If the proponent of the motions does not believe in them, the Court is not required to indulge even a provisional presumption in favor of them. To the extent that, realistically, the issue is not *avoiding* discovery but *delaying* it, the rationale for a stay based on mere assertion of a jurisdictional defense evaporates.

4

The presumption against discovery while jurisdictional/immunity motions are pending makes obvious sense if there is a substantial possibility that discovery will be avoided altogether. It makes no sense if it merely entails delaying discovery that will take place anyway. The Government's actions speak louder than its words, and demonstrate that the circumstances here are much closer to the second situation than to the first.

## CONCLUSION

For the reasons outlined in this brief and in their principal brief, plaintiffs respectfully request that the stay of discovery in the PPO be lifted.

DATED: May 2, 2007                        _____/s/_____
                                          Jonathan W. Cuneo (DC Bar # 939389)
                                          Robert Cynkar (DC Bar # 957845)
                                          William H. Anderson (DC Bar # 502380)
                                          Cuneo Gilbert & LaDuca LLP
                                          507 C Street N.E.
                                          Washington, D.C. 20002
                                          (202) 789-3960
                                          (202) 789-1813 facsimile
                                          jonc@cuneolaw.com


DATED: May 2,2007                         _____/s/_____
                                          Michael A. Bowen
                                          Attorney Bar Number: 1016965 (Wis.)
                                          Zhu (Julie) Lee
                                          Attorney Bar Number: 1032454 (Wis.)
                                          Isaac J. Morris
                                          Attorney Bar Number: 1053535 (Wis.)
                                          FOLEY & LARDNER LLP
                                          777 East Wisconsin Avenue
                                          Milwaukee WI 53202-5306
                                          (414) 271-2400

                                          Michael D. Leffel (DC Bar # 464721)
                                          FOLEY & LARDNER LLP
                                          150 East Gilman Street
                                          Madison WI 53703-1481
                                          (608) 258-4258

5

Direct Inquiries to:
Michael A. Bowen
(414) 297-5538 direct
(414) 297-4900 facsimile
mbowen@foley.com

DATED:  May 2, 2007                      _____/s/_____
Nicholas E. Chimicles (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
Chimicles & Tikellis LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford PA  19041
(610) 642-8500
(610) 649-3633 facsimile
nick@chimicles.com

DATED:  May 2, 2007                      _____/s/_____
Henry D. Levine (DC Bar # 952770)
Stephen J. Rosen (DC Bar # 441942)
Levine Blaszak Block & Boothby LLP
2001 L Street NW, Suite 900
Washington D.C.  20036
(202) 857-2540
(202) 223-0833 facsimile
hlevine@lb3law.com

DATED:  May 2, 2007                      _____/s/_____
R. Gaylord Smith
Lewis Brisbois Bisgaard & Smith
550 West C Street, Suite 800
San Diego CA  92101
(619) 699-4975
(619) 233-8627 facsimile
smith@lbbslaw.com

DATED:  May 2, 2007                      _____/s/_____
Sydney A. Backstrom
Richard F. Scruggs
Scruggs Law Firm, PA
120A Courthouse Square

P.O. Box 1136
Oxford MS  38655
(662) 281-1212
(662) 281-1312 facsimile
sbackstrom@scruggsfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2007, I caused to be served Plaintiff's Reply Brief in Support of Their Motion to Lift the Stay of Discovery through the Court's ECF system, upon all attorneys registered with that system.

William H. Anderson